The court gave it in charge to the jury, that they were of opinion, the present case was a total loss. The general rule is correct, that an abandonment should be made the first opportunity after knowledge of the loss, but pestilence, or special circumstances may form just exceptions thereto, and will deservedly have weight with a court and jury. The ground of the rule is, that the assured shall not be permitted to take advantage of events, subsequent to their receiving notice of the loss, and that the assurers may have it in their power to make the best of the property insured and saved, and be determined by their own judgments. Here the plaintiffs could not profit by the delay, nor injure the defendant. The voyage insured had been broken up, by the force of an armed boat. The proceeds of the plaintiffs’ merchandize had been invested in coffee, which had safely arrived in a neighbouring port, and remained unsold. A pestilence raged in the city where the policy was effected, and had compelled the insured, insurer, and brokers, to fly from their respective places of abode, and to consult their safety in uninfected houses. The plaintiffs, whatever determination they might have formed, could not securely seek for the defendant in the city, and might not have known, that Wharton and Lewis kept open their insurance office at Frankford.
The jury found conformably to the direction of the court, and the counsel agreed to liquidate the sum due to the pláihtiff.